THE BOARD OF HEALTH of the TOWN OF KORTRIGHT, Appellant, *v.* STEPHEN CEASE, Respondent.

*N. Y. Supreme Court, Fourth Department, General Term, July* 20, 1988.

*Boards of health. Laws of* 1885, *Chap.* 270.—The boards of health in the several towns of this State were continued in existence by Chap. 270 of Laws of 1885, and can exercise the powers and are subject to the duties specified in section 3 of said act, until their successors shall be elected as therein provided.

Motion for a new trial on case and exceptions ordered to be heard in the first instance at the general term. The action was brought to recover $100, the amount of a fine imposed upon the defendant by the plaintiff for creating a nuisance in the town of Kortright, and violating the plaintiff's health regulations. On the trial the plaintiff offered to prove that it was duly organized upon the 14th day of February, 1885, and its proceedings which resulted in the imposition of such fine. The court excluded all the evidence offered by the plaintiff to establish the allegations of its complaint, and then granted the defendant's motion for a nonsuit.

*F. N. Gilbert,* for plaintiff.

*Wm. H. Johnson,* for defendant.

MARTIN, J.—The nonsuit was granted and the plaintiff's evidence excluded, on the sole ground that the plaintiff had no legal existence, and consequently could not maintain this action. The trial court held, that although the plaintiff was duly constituted under the law as it stood at the time of the passage of chapter 270 of the laws of 1885, yet, as that statute repealed the former statutes, the plaintiff's legal ex-

istence was terminated. That the former statutes were repealed, and the powers of the then existing boards of health were terminated, unless preserved by some saving clause contained in the statute of 1885, must be admitted. Hence it becomes necessary to examine this statute and determine whether it contains any provision which preserved the existence and continued the powers of boards of health in towns until their successors were elected in pursuance of its provisions.

The first section of the statute under consideration provides for the appointment of boards of health in the cities and incorporated villages of the state, and then provides that " this section shall not be construed to remove any of the existing boards of health in any of the cities or villages of this state, but the successors of such boards shall be appointed as in this section provided."

Section 2 provides that "It shall be the duty of the supervisor, the justices of the peace and the town clerk, in each town in this state to meet in their respective towns within thirty days from the date of the town election in each year, and elect a citizen of such town of full age, who, with them, shall constitute the board of health for such town for one year, or until their successors are chosen." It also provides for the appointment of a health officer and for the filling of any vacancy in the board of health of any city, village or town when occasioned by the death, resignation, inability to act, or removal of any member. But this section neither contains a provision like that above quoted as to existing boards of health in cities or villages, nor does it provide for the appointment or election of boards of health in towns after the passage of that statute and before the next town election to be held in such town.

Then follows section 3, which declares, " The several boards of health *now organized in any* city, village or *town in this state* (except the cities of New York, Brooklyn and Buffalo), and the several boards of health constituted under

this act shall have power, and it shall be their duty," to perform the acts, and impose upon others the duties and liabilities which are therein specified, and which include the acts, duties and liabilities in the complaint alleged to have been performed by the plaintiff and imposed upon the defendant.

The defendant contends, that the fact that the statute provides in express terms that section 1 shall not be construed to remove any of the existing boards of health in any of the cities or villages of the state and does not contain such a provision as to boards of health in towns, is controlling evidence of an intent to abolish the boards of health in the various towns of the state, although the office would remain vacant until the succeeding town election, when boards might be constituted under the provisions of that statute. We cannot think that such was the intention of the statute. Such a result could not have been intended.

Effect is to be given to the provisions of section 3, which provide that the several boards of health " *now organized in any * * * town of this state* " shall have power, and it shall be their duty to perform the acts therein specified, as it is not to be presumed that the legislature intended any part of the statute to be without meaning. That which is implied in a statute is as much a part of it as what is expressed. It will not do to say that this provision was accidentally or unintentionally inserted in the statute, as courts cannot correct supposed errors, omission or excesses of the legislature. Waller *v.* Harris, 20 Wend. 562; McCluskey *v.* Cromwell, 11 N. Y. 593, 602.

If this portion of the statute is interpreted according to the most natural and obvious import of the language employed, it becomes manifest that it was intended to continue boards of health then organized in the several towns of the state until their successors were elected, and to confer upon them the powers, and impose upon them the duties, specified in section 3 of that act. That such was the

purpose of the statute is evinced by, or to be clearly implied from, the language employed. To construe it otherwise would be to elude, rather than to enforce, it.

But it is said that the case of Hughson v. The City of Rochester (17 N. Y. State Rep. 289 ; 49 Hun, 45) is in conflict with this conclusion. We do not think so. While the learned judge who delivered the opinion in that case took occasion to state in his opinion that the repealing act contained in the statute of 1885 abolished all boards of health existing in towns before the passage of that act, yet it will be seen that he was careful to remark that it was not necessary to go so far in order to obtain the result reached in that case. All that the court decided was that the plaintiff should have been nonsuited on the sole ground that the statute under which the action was brought had been repealed. It was not held that the plaintiff's existence as a board of health had terminated. An examination of the opinion in that case discloses that the court did not in fact pass upon that question. Nor was the determination of the question necessary to a decision of that case.

Notwithstanding the dictum in that case, still we are of the opinion that it was the intent and purpose of the statute to continue the existence of the boards of health in the several towns of this state, and to impose upon them the duties and confer upon them the powers specified in section 3 of that act until their successors should be elected as therein provided. We think the learned trial court erred in holding that the plaintiff's existence as such board was terminated and in nonsuiting the plaintiff. It follows that a new trial should be granted.

New trial granted, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concur.